## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DEAN HIGGINS,**

      **Plaintiff,**

**v.**                     **CASE NO: 4:19-cv-00308-RH-CAS**

**MARK S. INCH, in his official capacity
As Secretary of the Florida Department
Of Corrections; MARK JONES; TIMOTHY
L. JOHNSON; SCOTT WICKERS; JASON
SCHUENEMAN; and SCOTT LANDRY,**

      **Defendants.**
_____/

## ANSWER AND DEFENSES TO AMENDED COMPLAINT

The Defendants, Mark S. Inch, in his official capacity as Secretary of the Florida Department of Corrections ("Inch" or "FDOC"), Mark Jones ("Jones"), Scott Wicker ("Wicker"), and Scott Landry ("Landry"), (collectively, the "Defendants"), answer and file their defenses to the amended complaint, (Doc. 8), ("complaint"), brought by the Plaintiff, Dean Higgins, and say:

1.     The Defendants are without knowledge of the allegations contained in the first sentence of paragraph 1 of the complaint. The Defendants admit that the Plaintiff bit Officer Jessica Tirado on September 27, 2018. The Defendants are without knowledge of the remaining allegations contained in the second sentence of paragraph 1 of the complaint. The Defendants deny the allegations contained in

the third, fourth, and fifth sentences of paragraph 1 of the complaint.

2.     The Defendants admit the subject matter jurisdiction of this Court, but deny any allegation of wrongdoing pled or implied in paragraph 2 of the complaint.

3.     The Defendants admit the subject matter jurisdiction of this Court, but deny any allegation of wrongdoing pled or implied in paragraph 3 of the complaint.

4.     The Defendants admit the propriety of venue.

5.     The Defendants admit the allegations contained in paragraph 5 of the complaint. The Defendants are without knowledge of the allegations contained in subparagraphs (a), (b), and (c) of paragraph 5 of the complaint.

6.     The Defendant Inch admits the allegations contained in paragraph 6 of the complaint. The Defendant Inch admits the allegations contained in subparagraphs (a) and (b) of paragraph 6 of the complaint. The Defendant Inch denies the allegations contained in subparagraph (c) of paragraph 6 of the complaint.

7.     The Defendant Jones admits the allegations contained in paragraph 7 of the complaint.

8.     The Defendants admit that Defendant Timothy Johnson was a corrections officer for the FDOC at DeSoto CI until December 7, 2018 when he

retired. The Defendants deny the remaining allegations contained in paragraph 8 of the complaint.

9.      The Defendant Wicker admits the allegations contained in paragraph 9 of the complaint.

10.      The Defendants admit that Defendant Jason Schueneman was a Sergeant for the FDOC at DeSoto until May 30, 2019 when he resigned. The Defendants deny the remaining allegations contained in paragraph 10 of the complaint.

11.      The Defendant Landry admits the allegations contained in paragraph 11 of the complaint.

12.      The Defendants admit the allegations contained in paragraph 12 of the complaint.

13.      The Defendants are without knowledge of the allegations contained in paragraph 13 of the complaint, but deny any allegation of wrongdoing pled or implied in paragraph 13.

14.      The Defendants are without knowledge of the allegations contained in the first sentence of paragraph 14 of the complaint. The prison medical records speak for themselves and therefore the Defendant denies the allegations contained in the second sentence of paragraph 14 of the complaint.

15.      The Defendants are without knowledge of the allegations contained in

paragraph 15 of the complaint.

16.     The Defendants deny the allegations contained in paragraph 16 of the complaint.

17.     The Defendants are without knowledge of the allegations contained in paragraph 17 of the complaint.

18.     The Defendants admit that Correctional Officer Louinette Charleston was informed by inmates that there was an inmate on the bathroom floor. The Defendants admit that Officer Charleston responded and observed an unresponsive inmate, the Plaintiff, on the bathroom floor. The Defendants further admit that Officer Charleston called for an emergency backup. The Defendants deny the remaining allegations contained in paragraph 18 of the complaint.

19.     The Defendants admit the allegations contained in the first sentence of paragraph 19 of the complaint. The Defendants deny the remaining allegations contained in paragraph 19 of the complaint. The Defendants are without knowledge of the allegations contained in footnote 1 of paragraph 19 of the complaint. Answering further, Correctional Officer Jessica Tirado responded to Officer Charleston's call and began a medical assistance on the Plaintiff who was laying on the floor face down with his hands tucked underneath his body. Officer Tirado noticed a strong spicy odor in the area. This smell is consistent with K2 drugs which were prevalent among inmates at DeSoto CI at the time. The Plaintiff

was believed to be under the influence of an unknown substance and exhibited signs consistent with being under the influence. He appeared to be in an incoherent state and showed symptoms of slurred speech, dilated pupils, and blood-shot eyes. Officer Tirado attempted to place the Plaintiff in a recovery position until the medical personnel could respond. But the Plaintiff was combative to Officer Tirado's efforts, grabbing her hands towards him and pushing her hands and her body away. The Defendant Sergeant Schueneman arrived on the scene and also noticed a strong spicy odor in the area. Sgt. Schueneman began to assist Officer Tirado roll the Plaintiff onto his chest. The Plaintiff proceeded to bite Officer Tirado on her left inner bicep through her clothes, causing an open wound which would ultimately require medical attention. Officer Tirado gave the Plaintiff multiple commands to cease his actions which he refused to comply. Sgt. Schueneman then applied hand restraints on the Plaintiff. The Plaintiff's non-compliance continued. He physically resisted by kicking his feet and attempting to get up. The Plaintiff also made incoherent statements during his resistance. Captain J. Robbins arrived on the scene and applied leg restraints to the Plaintiff while Officer Tirado and Sgt. Schueneman maintained control of the Plaintiff's upper torso area. The Plaintiff continued to resist by kicking and attempting to break away from their grasp while they waited for medical. Nurse Lillian Vafi arrived on the scene with a wheelchair and also observed the Plaintiff exhibit signs consistent

with someone being under the influence of an unknown substance. He did not exhibit signs of someone who just experienced a seizure. Officer Tirado and Sgt. Schueneman were able to place the Plaintiff in the wheelchair. The Plaintiff was taken to emergency room and secured to the bed to prevent further altercations due to the Plaintiff appearing to be under the influence of an unknown substance. The Plaintiff was provided fluids to flush out his system based on the suspicions that he was under the influence of an unknown substance. Officer Tirado, Sgt. Schueneman, and Captain Robbins applied the minimal amount of force necessary to gain compliance by the Plaintiff.

20.    The Defendants deny the allegations contained in paragraph 20 of the complaint. The Defendants are without knowledge of the allegations contained in subparagraphs (a) and (b) of paragraph 20 of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph. The Defendants deny the allegations contained in subparagraph (c) of paragraph 20 of the complaint.

21.    The Defendants deny the allegations contained in paragraph 21 of the complaint.

22.    The Defendants admit that the Plaintiff bit Officer Tirado. The Defendants deny the remaining allegations contained in paragraph 22 of the complaint.

23.    The Defendants admit that the Plaintiff received medical treatment on

September 27, 2018. The Defendant are without knowledge of the remaining allegations contained in the first sentence of paragraph 23 of the complaint, but deny any allegation of wrongdoing pled or implied. The Defendants are without knowledge of the allegations contained in the second sentence of paragraph 23 of the complaint.

24.    The Defendants deny the allegations contained in paragraph 24 of the complaint.

25.    The Defendants admit the allegations contained in paragraph 25 of the complaint. Answering further, the Defendants incorporate their answer to paragraph 19 of the complaint.

26.    The Defendants admit the allegations contained in paragraph 26 of the complaint.

27.    The Defendants admit that the Plaintiff reported that he allegedly had a seizure and that he had a history of seizures. The Defendants are without knowledge of the veracity of the report made by the Plaintiff, but deny any allegation of wrongdoing pled or implied in paragraph 27 of the complaint. Answering further, the Defendants did not observe the Plaintiff experience a seizure or seizure-like symptoms.

28.    The Defendants deny the allegations contained in paragraph 28 of the complaint. Answering further, Gregory Fulcher, Officer of the Inspector General,

conducted an investigation into potential battery on law enforcement officers by the Plaintiff. On September 27, 2018, Fulcher attempted to interview the Plaintiff regarding the matter but the Plaintiff invoked his *Miranda* rights and declined an interview. The Plaintiff spontaneously uttered that he had a brain injury and has seizures. But the Plaintiff did not answer questions by Fulcher related to the investigation.

29.     The Defendants are without knowledge of the allegations contained in the first sentence of paragraph 29 of the complaint. The Defendants admit the remaining allegations contained in paragraph 29 of the complaint. Answering further, the Defendants did not observe the Plaintiff experience a seizure or seizure-like symptoms. The prescription and administration of Dilantin was done based on the Plaintiff report of allegedly having a seizure.

30.     The Defendants are without knowledge of the allegations contained in the first sentence of paragraph 30 of the complaint. The Defendants admit the remaining allegations contained in paragraph 30 of the complaint. Answering further, the Defendants did not observe the Plaintiff experience a seizure or seizure-like symptoms. The prescription and administration of Dilantin was done based on the Plaintiff report of allegedly having a seizure.

31.     The Defendants are without knowledge of the allegations contained in paragraph 31 of the complaint.

32.     The Defendants are without knowledge of the allegations contained in paragraph 32 of the complaint.

33.     The Defendants are without knowledge of the allegations contained in paragraph 33 of the complaint.

34.     The Defendants deny the allegations contained in paragraph 34 of the complaint.

35.     The Defendants admit that the Plaintiff's mother contacted Defendant Warden and others at DeSoto CI on multiple occasions regarding the Plaintiff. The emails sent by the Plaintiff's mother speak for themselves. The Defendants deny the remaining allegations contained in paragraph 35 of the complaint.

36.     The Defendants admit the allegations contained in paragraph 36 of the complaint.

37.     The Defendants admit the allegations contained in the first sentence of paragraph 37 of the complaint. The Defendants admit that the Plaintiff reported that he had a history of epileptic seizures and claimed that he had a seizure on the day in question. The Defendants further admit that the Plaintiff's challenge to the prison rule violation was denied and that he was informed of his right to file a grievance. The Defendants deny the remaining allegations contained in paragraph 37 of the complaint.

38.     The Defendants admit that the disciplinary team adjudicated the

Plaintiff guilty of prison rule violations on September 27, 2018, and recommended up to sixty days disciplinary confinement for the violations.  The Defendants deny the remaining allegations contained in paragraph 38 of the complaint.

39.    The Defendants admit that Defendant Jones approved the disciplinary team's recommendation of up to sixty days disciplinary confinement for the prison rule violations. The Defendants deny the remaining allegations contained in paragraph 39 of the complaint.

40.    The Defendants admit the allegations contained in paragraph 40 of the complaint.

41.    The Defendants admit the allegations contained in paragraph 41 of the complaint.

42.    The Defendants admit that the Plaintiff reported that he had a history of epileptic seizures and claimed that he had a seizure on the day in question. The Defendants are without knowledge of the remaining allegations contained in the first or second sentences of paragraph 42 of the complaint, but deny any allegation of wrongdoing pled or implied in those sentences. The Defendants admit the allegations contained in the third, fourth, and fifth sentences of paragraph 42 of the complaint.

43.    The Defendants admit that the Plaintiff filed grievances in or around October 2018. The grievances speak for themselves and therefore the Defendants

deny the allegations contained in the first and second sentences of paragraph 43 of the complaint. The Defendants admit the allegations contained in the third sentence of paragraph 43 of the complaint. Answering further, the Plaintiff appealed the disciplinary confinement to the Administrative Appeals Unit which upheld the decision.

44.    The correspondence referenced in paragraph 44 of the complaint speaks for itself and therefore the Defendants deny the allegations contained in that paragraph.

45.    The Defendants admit the allegations contained in paragraph 45 of the complaint. Answering further, the Plaintiff did not identify new evidence to warrant a rehearing.

46.    The Defendants admit the allegations contained in paragraph 46 of the complaint.

47.    The Defendants admit that the Plaintiff was in disciplinary confinement and CM1 confinement, from September 27, 2018 through May 10, 2019 when he was released, based on his violation of prison rules on September 27, 2018. The Defendants deny any wrongdoing pled or implied in paragraph 47 of the complaint. The Defendants admit the allegations contained in subparagraphs (a) through (e) of paragraph 47 of the complaint.

48.    The Defendants deny the allegations contained in the first sentence of

subparagraph (a) of paragraph 48 of the complaint. The Defendants are without knowledge of the allegations contained in the second sentence of subparagraph (a) of paragraph 48 of the complaint. Answering further, the cell the Plaintiff was housed in was seven feet by nine feet and eight inches, which is the same size as the open population two person cells. The Defendants admit the walls were monotone concrete and barren, that he was prohibited from hanging any personal items, such as photographs or drawings, on the walls, and that there were no mirrors or clocks on the walls. The Defendants deny the remaining allegations contained in subparagraph (b) of paragraph 48 of the complaint. Answering further,  no inmates at DeSoto CI are permitted to hang items on the walls and the inmates are responsible for cleaning the cell. The Defendants admit the cells have glass windows that the inmates can open. The Defendants are without knowledge of the remaining allegations contained in subparagraph (c) of paragraph 48 of the complaint. The Defendants deny the allegations contained in subparagraph (d) of paragraph 48 of the complaint. The Defendants are without knowledge of what the Plaintiff contends is "loud," but denies any allegation of wrongdoing pled or implied in subparagraph (e) of paragraph 48 of the complaint. The Defendants admit the allegations contained in the first of subparagraph (f) of the complaint. The Defendants deny the allegations contained in the second and third sentences of subparagraph (f) of paragraph 48 of the complaint. The Defendants are without

knowledge of the remaining allegations contained in subparagraph (f) of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph.

49.     The Defendants are without  knowledge of the allegations contained in paragraph 49 of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph. The Defendants deny the allegations contained in subparagraph (a) of paragraph 49 of the complaint. The Defendants admit that the Plaintiff was permitted scriptural and devotional materials. The Defendants deny the remaining allegations contained in the first sentence of subparagraph (b) of the complaint. Answering further, the Plaintiff was not permitted entertainment reading materials as part of his disciplinary confinement. The Defendants are without knowledge of the allegations contained in the second sentence of subparagraph (b) of paragraph 49 of the complaint. The Defendants admit the allegations contained in subparagraph (c) of the complaint.

50.     The Defendants admits the allegations contained in the first sentence of paragraph 50 of the complaint. The Defendants are without knowledge of the allegations contained in the second, third, and fourth sentences of paragraph 50 of the complaint.

51.     The Defendants deny the allegations contained in paragraph 51 of the complaint.

13

52.     The Defendants are without knowledge of the allegations contained in the first sentence of paragraph 52 of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph. The Defendants admit the allegations contained in the second and third sentences of paragraph 52 of the complaint. The Defendants are without knowledge of the allegations contained fourth sentence of paragraph 52 of the complaint, but deny any allegation of wrongdoing pled or implied in that sentence. The Defendants admit that shouting is prohibited by rule. The Defendants deny the remaining allegations contained in subparagraph (a) of paragraph 52 of the complaint. The Defendants deny the allegations contained in the first sentence of subparagraph (b) of paragraph 52 of the complaint. The Defendants are without knowledge of what the Plaintiff "did not want," but denies any allegation of wrongdoing pled or implied in the second sentence of subparagraph (b) of paragraph 52 of the complaint. The Defendants deny the allegations contained in subparagraph (c) of paragraph 52 of the complaint.

53.     The Defendants admit that the Plaintiff ate, slept, and defected in his cell during his disciplinary confinement. The Defendants are without knowledge of what the Plaintiff contends is a "small cell," but deny any allegations of wrongdoing pled or implied in the first sentence of paragraph 53 of the complaint. Answering further, the size of the cell is the same as cells for the open population

two person cells. The Defendants admit the allegations contained in the second sentence of paragraph 53 of the complaint. The Defendants deny the allegations contained in the third, fourth, and fifth sentences of paragraph 53 of the complaint.

54.     The Defendants deny the allegations contained in paragraph 54 of the complaint.

55.     The Defendants deny the allegations contained in paragraph 55 of the complaint.

56.     The Defendants admit that the Plaintiff was permitted to leave his isolation cell for meetings with his attorney, a classifications officer, or medical personnel. The Defendants are without knowledge of the remaining allegations contained in paragraph 56 of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph.

57.     The Defendants are without knowledge of the allegations contained in paragraph 57 of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph.

58.     The Defendants deny the allegations contained in paragraph 58 of the complaint. The Defendants deny the allegations contained in subparagraphs (a) and (b) of paragraph 58 of the complaint.

59.     The Defendants deny the allegations contained in paragraph 59 of the complaint. The Defendants deny the allegations contained in the first and second

sentences of subparagraph (a) of paragraph 59 of the complaint. Answering further, the Plaintiff was only restrained by use of the black boxes described in subparagraph (a) if he exited the confinement union. The Plaintiff was handcuffed behind his back for all in dorm movement. The Defendants are without knowledge of the allegations contained in the third sentence of subparagraph (a) of paragraph 59 of the complaint, but deny any allegation of wrongdoing pled or implied in that sentence. The Defendants admit the allegations contained in the fourth sentence of subparagraph (a) of paragraph 59 of the complaint. The Defendants admit the allegations contained in subparagraph (b) of paragraph 59 of the complaint. The Defendants are without knowledge of the allegations contained in subparagraphs (c) of paragraph 59 of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph. The Defendants admit the allegations contained in the first sentence of subparagraph (d) of paragraph 59 of the complaint. The Defendants admit that the FDOC staff went through the Plaintiff's belongings during cell searches and required the Plaintiff to do strip searches, but deny the remaining allegations contained in subparagraph (d) of paragraph 59 of the complaint. Answering further, the hand searches described in the second sentence of subparagraph (d) were performed by the Plaintiff using his own hand. The FDOC staff would not touch the Plaintiff during these searches.

60.    The Defendants are without knowledge of the allegations contained in

paragraph 60 of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph.

61.     The Defendants are without knowledge of the allegations contained in paragraph 61 of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph.

62.     The Defendants are without knowledge of the allegations contained in the first sentence of paragraph 62 of the complaint, but deny any allegation of wrongdoing pled or implied in that sentence. The Defendants admit that Defendant Warden Jones informed the Plaintiff's mother that "We have mental health staff assigned to the institution who are highly trained and certified in evaluating and treating a myriad of issues within the inmate population." The Defendants deny the remaining allegations contained in paragraph 62 of the complaint. Answering further, the Plaintiff's mother never informed Warden Jones prior to September 27, 2018 that the Plaintiff allegedly was diagnosed with Autism.

63.     The Defendants deny the allegations contained in paragraph 63 of the complaint.

64.     The Defendants are without knowledge of the allegations contained in paragraph 64 of the complaint.

65.     The Defendants deny the allegations contained in the first sentence of paragraph 65 of the complaint. The Defendants are without knowledge of the

allegations contained in the second, third, and fourth sentences of paragraph 65 of the complaint, but deny any allegation of wrongdoing pled or implied in those sentences.

66.     The Defendants admit that the Plaintiff could not seek medical care outside of that approved by the FDOC while he was detained. The Defendants are without knowledge of the remaining allegations contained in paragraph 66 of the complaint, but deny any allegation of wrongdoing pled or implied in that paragraph.

67.     The Defendants deny the allegations contained in paragraph 67 of the complaint.

68.     The Defendants deny the allegations contained in paragraph 68 and subparagraphs (a) through (i) of the complaint.

69.     The Defendants deny the allegations contained in paragraph 69 of the complaint.

70.     In response to paragraph 70 of the complaint, the Defendants repeat their answers to paragraphs 1 through 30 of the complaint.

71.     The Defendant and Wicker denies the allegations contained in paragraph 71 of the complaint.

72.     The Defendant Wicker admits the allegations contained in paragraph 72 of the complaint.

73.     The Defendant Wicker admits that recording for the use of force started approximately thirty-eight minutes after the first use of force and that there was an approximately eight minute interruption to change batteries. The Florida Administrative Law Code Rules cited in paragraph 73 of the complaint speak for themselves and therefore the Defendant denies the remaining allegations contained in that paragraph.

74.     The Defendant Wicker admits that once the Plaintiff was restrained, they removed him from E-dormitory and brought him to medical. The Defendant Wicker admits that the Plaintiff was not resisting during this transport. The Defendant Wicker denies the remaining allegations contained in paragraph 74 of the complaint.

75.     The Defendant Wicker denies the allegations contained in paragraph 75 of the complaint.

76.     The Defendant Wicker denies the allegations contained in paragraph 76 of the complaint.

77.     The Defendant Wicker denies the allegations contained in paragraph 77 of the complaint.

78.     The Defendant Wicker denies the allegations contained in paragraph 78 of the complaint.

79.     The Defendant Wicker denies the allegations contained in paragraph

79 of the complaint.

80.     In response to paragraph 80 of the complaint, the Defendants repeat their answers to paragraphs 1 through 30 and 72 through 78 of the complaint.

81.     The Defendant Wicker denies the allegations contained in paragraph 81 of the complaint.

82.     The Defendant Wicker denies the allegations contained in paragraph 82 of the complaint.

83.     The Defendant Wicker denies the allegations contained in paragraph 82 of the complaint.

84.     In response to paragraph 84 of the complaint, the Defendants repeat their answers to paragraphs 1 through 30 of the complaint.

85.     The Defendant Landry denies the allegations contained in paragraph 85 of the complaint.

86.     The Defendant Landry admits the allegations contained in paragraph 86 of the complaint.

87.     The Defendant Landry denies the allegations contained in paragraph 87 of the complaint.

88.     The Defendant Landry is without knowledge of the allegations contained in the first sentence of paragraph 88 of the complaint, but denies any allegation of wrongdoing pled or implied in that sentence. The Defendant Landry

denies the allegations contained in the second sentence of paragraph 88 of the complaint.

89.     The Defendant Landry admits the allegations contained in paragraph 89 of the complaint.

90.     The Defendant Landry admits the allegations contained in paragraph 90 of the complaint.

91.     The Defendant Landry denies the allegations contained in paragraph 91 of the complaint.

92.     The Defendant Landry denies the allegations contained in paragraph 92 of the complaint.

93.     The Defendant Landry denies the allegations contained in paragraph 93 of the complaint.

94.     The Defendant Landry denies the allegations contained in paragraph 94 of the complaint.

95.     The Defendant Landry denies the allegations contained in paragraph 95 of the complaint.

96.     In response to paragraph 96 of the complaint, the Defendants repeat their answers to paragraphs 1 through 30 and 86 through 94 of the complaint.

97.     The Defendant Landry denies the allegations contained in paragraph 97 of the complaint.

98.     The Defendant Landry denies the allegations contained in paragraph 98 of the complaint.

99.     The Defendant Landry denies the allegations contained in paragraph 99 of the complaint.

100.    In response to paragraph 100 of the complaint, the Defendants repeat their answers to "the foregoing allegations."

101.    The Defendant FDOC denies the allegations contained in paragraph 101 of the complaint.

102.    The Defendant FDOC is without knowledge of the allegations contained in paragraph 102 of the complaint, but denies any allegation of wrongdoing pled or implied in that paragraph.

103.    The Defendant FDOC admits the allegations contained in paragraph 103 of the complaint.

104.    The Defendant FDOC denies the allegations contained in paragraph 104 of the complaint.

105.    The Defendant FDOC denies the allegations contained in paragraph 105 of the complaint.

106.    The Defendant FDOC denies the allegations contained in paragraph 106 of the complaint.

107.    The Defendant FDOC denies the allegations contained in paragraph

107 of the complaint.

108.   The Defendant FDOC denies the allegations contained in paragraph 108 of the complaint.

109.   The Defendant FDOC denies the allegations contained in paragraph 109 of the complaint.

110.   The Defendant FDOC denies the allegations contained in paragraph 110 of the complaint.

111.   The Defendant FDOC denies the allegations contained in paragraph 111 of the complaint.

112.   The Defendant FDOC denies the allegations contained in the first sentence of paragraph 112 of the complaint. The Defendant FDOC admits the Plaintiff's mother sent correspondences to the FDOC regarding the Plaintiff after September 27, 2018. The correspondences speaks for themselves and therefore the FDOC denies the allegations contained in the second and third sentences of paragraph 112 of the complaint. The Defendant FDOC denies the allegations contained in the fourth and fifth sentences of paragraph 112 of the complaint.

113.   The Defendant FDOC denies the allegations contained in paragraph 113 of the complaint.

114.   The Defendant FDOC denies the allegations contained in paragraph 114 of the complaint.

115.   The Defendant FDOC denies the allegations contained in paragraph 115 of the complaint.

116.   The Defendant FDOC denies the allegations contained in paragraph 116 of the complaint.

117.   In response to paragraph 117 of the complaint, the Defendant FDOC repeats its answers to paragraphs 1 through 99, and paragraphs 105 through 115 of the complaint. To the extent those allegations were contained in counts which did not pertain to the Defendant FDOC, the Defendant FDOC denies any allegation of wrongdoing pled or implied in those paragraphs.

118.   The Defendant FDOC denies the allegations contained in paragraph 118 of the complaint.

119.   The Defendant FDOC is without knowledge of the allegations contained in paragraph 119 of the complaint, but denies any allegation of wrongdoing pled or implied in that paragraph.

120.   The Defendant FDOC admits the allegations contained in paragraph 120 of the complaint.

121.   The Defendant FDOC is without knowledge of the allegations contained in paragraph 121 of the complaint, but denies any allegation of wrongdoing pled or implied in that paragraph.

122.   The Defendant FDOC denies the allegations contained in paragraph

122 of the complaint.

123.   In response to paragraph 123 of the complaint, the Defendants repeat their answers to paragraphs 1 through 69 of the complaint.

124.   The Defendant Jones denies the allegations contained in the first sentence of paragraph 124 of the complaint. The Eighth Amendment to the U.S. Constitution speaks for itself and therefore the Defendant Jones denies the allegations contained in the second sentence of paragraph 124 of the complaint, and specifically denies that he inflicted any cruel and unusual punishment on the Plaintiff.

125.   The Defendant Jones denies the allegations contained in paragraph 125 of the complaint.

126.   The Defendant Jones denies the allegations contained in paragraph 126 of the complaint.

127.   The Defendant Jones denies the allegations contained in paragraph 127 of the complaint.

128.   In response to paragraph 128 of the complaint, the Defendants repeat their answers to paragraphs 1 through 69 of the complaint.

129.   The Defendant Jones denies the allegations contained in the first sentence of paragraph 129 of the complaint. The Fourteenth Amendment of the U.S. Constitution speaks for itself and therefore the Defendant Jones denies the

allegations contained in the second sentence of paragraph 129 of the complaint, and specifically denies treating the Plaintiff differently than other similarly situated individuals without a rational basis.

130.   The Defendant Jones denies the allegations contained in paragraph 130 of the complaint.

131.   The Defendant Jones denies the allegations contained in paragraph 131 of the complaint.

132.   The Defendant Jones denies the allegations contained in paragraph 132 of the complaint.  The Defendants deny the prayer for relief contained in the unnumbered wherefore paragraph and subparagraphs A. (1), (2), (3), and (4), B., C., and D. which follow paragraph 132 of the complaint.

## DEFENSES

133.   First defense. As a defense to Counts 1 and 3 of the complaint, the Defendants Wicker and Landry say that the Plaintiff fails to state a claim upon which relief may be granted under the Eighth Amendment of the United States Constitution for alleged excessive force because the Plaintiff does not allege sufficient facts that demonstrate they intentionally used excessive force against the Plaintiff which caused injuries or that they acted maliciously or sadistically for the purpose of causing harm.

134.   Second defense. As a defense to Counts 1 and 3 of the complaint, the

Defendants Wicker and Landry say that the Plaintiff fails to state a claim upon which relief may be granted under the Eighth Amendment of the United States Constitution for alleged excessive force because the alleged use of force was applied in a good faith effort to maintain or restore discipline because the Plaintiff, who appeared to be under the influence of an unknown substance, bit a correctional officer, failed to comply with orders of the responding FDOC personnel, and/or was otherwise combative to the responding FDOC personnel.

135.   Third defense. As a defense to Counts 1 and 3 of the complaint, the Defendants Wicker and Landry say that the Plaintiff fails to state a claim upon which relief may be granted under the Eighth Amendment of the United States Constitution for alleged excessive force because the Plaintiff does not allege sufficient facts that demonstrate that there was more than de minimis use of force.

136.   Fourth defense. As a defense to Counts 2 and 4 of the complaint, the Defendants Wicker and Landry are entitled to immunity from suit under § 768.28(9)(a), Florida Statutes (2019), because they did not act, and the Plaintiff has failed to plead sufficient facts to demonstrate they acted, with the requisite bad faith or malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

137.   Fifth defense. As a defense to Count 5 of the complaint, the Defendant FDOC says that the Plaintiff fails to state a claim upon which relief may be granted

under Title II of the Americans with Disabilities Act ("ADA") because the Plaintiff has failed to plead sufficient facts that demonstrate he was a qualified individual with a disability, that he was excluded from participation in or denied the benefits of the FDOC's services, programs, or activities or otherwise discriminated against by the FDOC, and that the alleged exclusion, denial, or discrimination was by reason of his alleged disability. Nor has he alleged sufficient facts that demonstrate the FDOC acted with deliberate indifference.

138.   Sixth defense. As a defense to Count 6 of the complaint, the Defendant FDOC says that the Plaintiff fails to state a claim upon which relief may be granted under the Rehabilitation Act because the Plaintiff has failed to plead sufficient facts that demonstrate he is a qualified individual with a disability who has solely by reason of that alleged disability been excluded from the participation in, denied benefits of, or otherwise been subjected to discrimination under any program or activity receiving Federal financial assistance or that the FDOC acted with deliberate indifference.

139.   Seventh defense. As a defense to Count 7 of the complaint, the Defendant Jones says that the Plaintiff fails to state a claim upon which relief may be granted under the Eighth Amendment of the United States Constitution for alleged cruel and unusual punishment because the Plaintiff does not allege sufficient facts to demonstrate there were extreme deprivations which violate the

Eighth Amendment or that Jones acted with deliberate indifference.

140.   Eighth defense. As a defense to Count 8 of the complaint, the Defendant Jones says that the Plaintiff fails to state a claim upon which relief may be granted under the Fourteenth Amendment of the United States Constitution because he does not allege sufficient facts to demonstrate he is similarly situated with other prisoners who received more favorable treatment than him and that the discriminatory treatment was based on some constitutionally protected interest, nor that Jones acted with deliberate indifference.

141.   Ninth defense. As a defense to Counts 7 and 8 of the complaint, the Defendant Jones is entitled to qualified immunity because his alleged conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

142.   Tenth defense. As a defense to the Plaintiff's claims for damages under 42 U.S.C. § 1983, the Plaintiff is not entitled to compensatory damages because he has not pled sufficient facts to demonstrate he has suffered more than minimal physical injury.

Respectfully submitted,

/s/Thomas M. Gonzalez
Thomas M. Gonzalez
Florida Bar No. 192341
Nathan J. Paulich
Florida Bar No.: 085190
GrayRobinson, P.A.

401 East Jackson Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
thomas.gonzalez@gray-robinson.com
nathan.paulich@gray-robinson.com
Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished this 12th day of August, 2019, by CM/ECF electronic filing to the Clerk

of Court and to the following:

Benjamin James Stevenson
ACLU Found. Of Florida
3 W. Garden St., Suite 712
Pensacola, FL 32502-5636
bstevenson@aclufl.org

Matthew W. Dietz
Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, FL 33133
mdietz@justdigit.org

Daniel Tilley
ACLU Found. Of Florida
4343 W. Flagler St., Suite 400
Miami, FL 33134
dtilley@aclufl.org

/s/ Thomas M. Gonzalez
Attorney